Exhibit A

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO**<br>Court Address:<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: January 6, 2023 4:52 PM<br>FILING ID: B7565132496C0<br>CASE NUMBER: 2023CV30041 |
| Plaintiff:<br>**WAYNE MOORE, individual**<br><br>v.<br><br>Defendant:<br>**DICK'S SPORTING GOOD, INC.** | ▲COURT USE ONLY▲<br><br>Case Number:<br><br>Division: |
| **Attorney for Plaintiff:**<br>Stuart Hawkins, #48895<br>Amy E. Gaiennie # 24561<br>The Gaiennie Law Office<br>3801 E. Florida Avenue, Suite 100<br>Denver, CO 80210<br>Phone: (303) 455-5030<br>Fax: (303) 455-0805<br>Email: stuart@amyglaw.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff WAYNE MOORE, individually (hereinafter "Plaintiff"), by and through his attorneys, the Gaiennie Law Offices, hereby submits his Complaint and Jury Demand, as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff WAYNE MOORE (hereinafter referred to as "Plaintiff") is an individual who, at all times relevant hereto, resides in Claremore, Oklahoma.

2. Defendant, DICK'S SPORTING GOOD, INC., is a Delaware foreign corporation doing business in the State of Colorado (hereinafter "DICK'S SPORTING GOOD"), Defendant DICK'S SPORTING GOOD is a retail store located in Arapahoe County, Colorado, at 8435 Park Meadows Center Drive, Littleton, CCO 80124.

3. This Court has subject matter jurisdiction, and venue is proper in the County of Arapahoe pursuant to C.R.C.P. 98(c)(5), as the events giving rise to Plaintiff's tort claims occurred in Arapahoe County.

Exhibit A

# GENERAL ALLEGATIONS

4. DICK'S SPORTING GOOD is a public retail store that sells, *inter alia,* sporting goods and apparel.

5. On April 27, 2022, DICK'S SPORTING GOOD was in control of the property located at 8435 Park Meadows Center Drive, Littleton, CCO 80124 (hereinafter "Premises").

6. On April 27, 2022, Mrs. KAREN MOORE was a customer at DICK'S SPORTING GOOD at the Premises.

7. On April 27, 2022, while shopping at the Premises, Mrs. KAREN MOORE tripped and fell due to an inoperable and/or defective escalator located on the Premises.

8. At the time that Ms. KAREN MOORE tripped and fell, there were no signs or warnings advising Mrs. KAREN MOORE and other patrons that the escalator was inoperable and/or defective.

9. As a result of the aforementioned trip and fall, Mrs. KAREN MOORE sustained serious bodily injuries, including but not limited to, a right proximal humorous fracture and a left distal humerus fracture.

10. On April 27, 2022, after Mrs. KAREN MOORE tripped and fell at the Premises, she was transported by EMS from the Premises to Sky Ridge Hospital where she received medical treatment, including but not limited to a right proximal humerus open reduction and internal fixation and biceps tenodesis.

11. Mrs. KAREN MOORE received medical treatment at Sky Ridge Hospital until she was discharged on or about May 6, 2022.

12. On May 9, 2022, EMS was called due to Mrs. KAREN MOORE experiencing shortness of breath.

13. On May 9, 2022, EMS transported Mrs. KAREN MOORE to Castle Rock Adventist Hospital where she passed away due to cardiac arrest.

14. Mrs. KAREN MOORE was married to Plaintiff at the time of her death.

15. Mrs. KAREN MOORE's cause of death was atherosclerotic cardiovascular disease and a significant condition contributing to her death was subacute bilateral humeri fractures with subsequent open reduction and internal fixation surgeries.

16. DICK'S SPORTING GOOD had a duty to exercise reasonable care regarding the operation of the inoperable and/or defective escalator.

17. The exercise of reasonable care required DICK'S SPORTING GOOD take reasonable measures to prevent patrons, including Mrs. MOORE, on the Premises from being injured due to the inoperable and/or defective escalator.

18. The exercise of reasonable care required DICK'S SPORTING GOOD take reasonable measures to warn patrons of the inoperable and/or defective escalator.

19. The exercise of reasonable care required DICK'S SPORTING GOOD to take reasonable measures to place barricades or barriers to prevent patrons from using the inoperable and/or defective escalator.

20. DICK'S SPORTING GOOD breached its duty of care to Mrs. KAREN MOORE for failure to exercise reasonable care on April 27, 2022, as to the inoperable and/or defective escalator.

21. DICK'S SPORTING GOOD knew or should have known that its failure to warn its patron and/or place barricades and/or barriers at the entrances of the inoperable and/or defective escalator constitutes a dangerous condition to its patrons, including MRS. MOORE.

22. Had DICK'S SPORTING GOOD exercised reasonable care, MRS. MOORE's trip and fall and the subsequent fatal injuries sustained would have been avoided.

## FIRST CLAIM FOR RELIEF
### (Wrongful Death)

23. Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

24. Pursuant to C.R.S. § 13-21-115(3)(c), DICK'S SPORTING GOOD and SCHINDLER ELEVATOR CORPORATION, as a landowners, are liable for damages caused to Mrs. KAREN MOORE, an invitee, by its failure to exercise reasonable care to protect her against dangerous conditions or activities of which it actually knew or should have known.

25. DICK'S SPORTING GOOD knew, or with the exercise of reasonable care should have known that, that the inoperable and/or defective escalator on the Premises posed a hazard to Mrs. KAREN MOORE.

26. DICK'S SPORTING GOOD knew or should have known that it was foreseeable that Mrs. KAREN MOORE would trip and fall due to the inoperable and/or defective escalator.

27. C.R.S. § 13-21-202 provides for recovery in an action for damages for the death of a person caused by the "wrongful act, neglect, or default" of another, if the act, neglect, or default is "such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof."

28. Pursuant to C.R.S. § 13-21-201(1)(a)(I), WAYNE MOORE, as Mrs. KAREN MOORE's spouse, is a proper plaintiff in a claim for Mrs. KAREN MOORE's wrongful death.

29. DICK'S SPORTING GOOD was negligent. Such negligence includes, but is not limited to, the negligent act of failing to warn or install barricades to prevent Mrs. KAREN MOORE from entering and using the inoperable and/or defective escalator.

30. DICK'S SPORTING GOOD's negligence was the direct and proximate cause of Mrs. KAREN MOORE's ultimate death.

31. DICK'S SPORTING GOOD is vicariously liable for the negligent conduct of its employees by the doctrine of *respondeat superior*.

32. Had Mrs. KAREN MOORE survived the injuries she sustained on April 27, 2022, she would have been entitled to maintain an action and recover damages related to that incident.

33. As a result of Mrs. KAREN MOORE's wrongful and untimely death, Plaintiff has suffered economic and non-economic damages, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Survival Statute)

34. In addition, pursuant to C.R.S. § 13-20-101, Plaintiff is entitled to recovery for those medical expenses incurred between the April 17, 2022 incident, and Mrs. KAREN MOORE's death on or about May 9, 2022.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually is entitled to and seeks the following relief:

A. Money damages against Defendant for all losses and damages suffered as a result of the negligence complained of herein.
B. Pre-judgment interest on all damages.
C. Post-judgment interest.
D. Such other and further equitable or injunctive relief as this Court may deem just and proper under the circumstances.

Exhibit A

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted this 6th day of January 2023.

                                          THE GAIENNIE LAW OFFICE

                                          s/ *Stuart Hawkins*
                                          Attorney for Wayne Moore

Plaintiff's Address:
C/o The Gaiennie Law Office
3801 E. Florida Avenue, Suite 100
Denver, CO 80210